UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON KIRK,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No.  2:23-cv-01966-EFB<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits under Title II of the Social Security Act. ECF No. 1. The parties' cross-motions for summary judgment are pending. ECF Nos. 11 & 15. The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings in this action, including judgment, pursuant to 28 U.S.C. 636(c)(1). ECF No. 9. For the reasons provided below, plaintiff's motion for summary judgment is granted and the Commissioner's motion for summary judgment is denied.

I.    **Background**

On April 18, 2021, plaintiff filed an application for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), alleging disability beginning May 22, 2018.[1]

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income is paid to

1

Administrative Record (AR) 17. Plaintiff alleged he was disabled due to a back injury. AR 76. Plaintiff's application was denied initially and upon reconsideration. AR 17. After a telephonic hearing before an administrative law judge (ALJ) on July 20, 2022, at which plaintiff was represented by counsel (AR 35-59), the ALJ published an unfavorable decision on August 1, 2022. AR 17-28.

At the hearing, plaintiff testified that he had worked as a volunteer EMT and a lead plumber in new construction, remodeled homes, and commercial buildings. AR 40. The latter job consisted of "putting in the waste [lines], all the sewer lines, vent lines, gas lines, water lines, and a lot of times hydraulic heating lines in the floors." AR 40. The work required heavy lifting of cast-iron pipe and other materials. AR 40-41. He also worked in plumbing and maintenance at

---

disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 42 U.S.C. §§ 423(d)(1)(A), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The steps are:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id*.

a townhome complex.  AR 41.  Since May 22, 2018[2], he had been unable to work due to pain in his lower right back and a shooting pain in his right thigh if he "turned certain ways."  AR 42.  He had been given injections and undergone physical therapy for the pain, but it didn't help.  AR 42.  He didn't like taking pain pills because they "really mess me up," including interfering with his memory.  AR 43.

Plaintiff testified that he could stand for up to an hour before having to lie down on the floor for up to two hours.  AR 43.  He had undergone three surgeries on his left knee "from crawling around houses all these years" and had ongoing problems with that knee.  AR 43-44.  He could lift up to 30 pounds.  AR 43.  He had pain in his feet but had tested negative for diabetes.  AR 44.  He drove 55 miles to get groceries (stopping halfway to get out of the car and walk around) and did his own shopping, walked his dogs, read books to his grandchild, and cooked his own meals.  AR 46-47, 52.  He did not do housework or yardwork and could no longer hunt or fish due to back pain.  AR 47-48.  He took walks but often had to lie down on the floor afterward for up to two hours.  AR 50-51.  He had to lie on the ground five days a week due to back pain.  AR 51.  He could sit in a chair for two hours, but then had to get up and move around.  AR 51.  He had trouble sleeping due to pain.  AR 52.

Vocational expert (VE) Aida Worthington testified that a person with the same age, education, and work experience as plaintiff, limited to light work as set forth in the determined residual functional capacity (RFC), could not perform past work as a plumber, but could perform the jobs of marker, routing clerk, and housekeeping cleaner.  AR 55-56.  She further testified that, if such an individual were limited to standing/walking for two hours and sitting for two hours, and requiring a sit-stand option, there would be no jobs available.  AR 57.

The ALJ determined that plaintiff had not been under a disability during the period at issue (November 30, 2018 through March 3, 2021), finding as follows:

1. The claimant meets the insured status requirements of the Social Security

---

[2] Elsewhere in the record, plaintiff "reported an injury carrying a bundle of pipe on his right shoulder May 22, 2018, during which he stopped to pick up an object, or his foot slipped.  He developed pain and right thigh symptoms" and was treated with physical therapy, chiropractic care, medications, and injections.  AR 21.

> Act through December 31, 2023.
>
> 2. The claimant has not engaged in substantial gainful activity since May 22, 2018, the alleged onset date.
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; meralgia paresthetica; degenerative joint disease of the left knee, status post surgeries; pre-diabetic neuropathy in both feet.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work in that he can lift and carry twenty pounds occasionally and ten pounds frequently, sit for six hours of an eight-hour day, stand and walk for six hours of an eight-hour day except cannot climb ladders, ropes, or scaffolds; can occasionally stoop, crawl and climb ramps or stairs; can frequently balance, kneel and crouch; and must avoid concentrated exposure to dangerous moving machinery and unprotected heights.
>
> 6. The claimant is unable to perform any past relevant work.
>
> 7. The claimant was born [in 1970] and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advancing age.
>
> 8. The claimant has at least a high school education.
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding of 'not disabled,' whether or not the claimant has transferable job skills.
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from May 22, 2018 through the date of this decision.

AR 19-27.

## II.  **Standard of Review**

The court will uphold the Commissioner's decision that a claimant is not disabled if substantial evidence in the record supports the Commissioner's findings of fact and the Commissioner applied the proper legal standards. *Schneider v. Comm'r of the SSA*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v.*

*Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

### III.  Claims

Plaintiff claims that the ALJ made the following errors: (1) the ALJ erred in evaluating the medical opinion of the treating Physician's Assistant; and (2) the ALJ improperly discounted plaintiff's testimony of pain and physical dysfunction.

### IV.  Analysis

#### A.  Medical Opinion

Plaintiff asserts that the ALJ provided legally insufficient reasons for discounting the June 2021 opinion of Porscha Adams, P.A., who was treating plaintiff in connection with his Worker's Compensation claim. *See* AR 1348-49. On June 1, 2021, Ms. Adams completed a medical source statement indicating that plaintiff could lift a maximum of 30 pounds occasionally and 10 pounds frequently; could stand or walk for at least two hours in an eight-hour workday; could sit for only two hours in an eight-hour workday; and needed to alternate sitting and standing, among other restrictions. She noted that plaintiff's prognosis was "poor." AR 804-805, 1393-94 (same).

The ALJ summarized Ms. Adams' opinion (AR 24) but found portions of it unpersuasive, including her "opinion that the claimant can stand and walk for two hours, sit for less than six hours needing to alternate standing/sitting, unable to crawl, with a poor prognosis." AR 25. The

ALJ continued:

> The longitudinal record of care and Worker's Compensation opinions on the claimant's capacity to perform work despite his injuries are *inconsistent* with these parts of the opinion. It demonstrates that the claimant went from early treatment limits of no prolonged sitting to standing to no limits, never found to need to alternate sitting and standing, and found at maximum medical improvement by Worker's Compensation evaluator Dr. Sanden in August 2021, able to perform work activity with few restrictions, as he opined. Her finding of a poor prognosis is *inconsistent* with the findings of Dr. Sanden.

AR 25 (emphasis added). Thus, the question presented is whether the ALJ properly evaluated and rejected Ms. Adams' opinion as inconsistent with other medical opinions in the record.

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

For applications filed on or after March 27, 2017, the Commissioner revised the rules for the evaluation of medical evidence at the administrative level. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg 5844-01 (Jan. 18, 2017). Filed in 2021, plaintiff's application is subject to the new rules for the evaluation of medical evidence.

The revised rules provide that adjudicators for the Social Security Administration, including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency is the extent to which an opinion or

finding is consistent with evidence from other medical sources and non-medical sources, including the claimants themselves. 20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1). The ALJ will articulate how she considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b). When a single medical source provides multiple opinions and findings, the ALJ must articulate how they were considered in a single analysis. 20 C.F.R. § 416.920c(b)(1).

Here, plaintiff argues, the ALJ articulated that Ms. Adams' opinion was inconsistent with other medical opinions in the record, but did not adequately address the supportability factor. In *Woods v. Kijakazi*, 32 F. 4th 785, 792 (9th Cir. 2022), the Ninth Circuit held that,

> under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

District courts have since found that a cursory or inadequate discussion of the supportability factor can warrant remand. *See, e.g., Jennifer J. v. Comm'r*, 2022 WL 16758475, *5 (W.D. Wash. Nov. 8, 2022) (ALJ erred by failing to articulate the supportability factor under the new regulations; remanding to "adequately evaluate the persuasiveness of the opinion pursuant to the regulatory factors"), *Sandra B. v. Kijakaji*, 2022 WL 2651981, *6 (C.D. Cal. July 8, 2022) (ALJ's "single-sentence," "conclusory" statement was insufficient to explain how the supportability factor was considered; remanding to "satisfy the agency's articulation requirement"); *Mascarenas v. Comm'r*, 2022 WL 2448279, *5 (D. Ariz. July 6, 2022) (ALJ "did not adequately address the degree to which the [doctor] supported his own opinion in his treatment notes or with other objective evidence"; remanding).

Defendant counters that the ALJ addressed this factor by finding Ms. Adams' opined restrictions to conflict with "the longitudinal record of care." AR 25. Earlier in the opinion, the

7

ALJ referred to Ms. Adams' treatment notes as follows:

> [PAC Adams] generally noted the claimant is in no acute distress, with no other exam findings. Sometimes she noted he slowly transferred from sitting to standing, or had painful range of motion.

AR 23, citing AR 1354 (noting "slow transfer from sitting to standing" on exam), 19 (noting "painful [range of motion] unchanged" on exam), 23 (noting "[range of motion] limited by pain" on exam). However, the ALJ did not discuss these (or any other) exam findings in explaining why he discounted Ms. Adams' opined limitations on, e.g., sitting, standing, and walking. The ALJ's articulation of the supportability factor was inadequate under *Woods* and the governing regulations.

Moreover, the error was harmful. The VE testified that no jobs were available for an individual with the limitations set forth in Ms. Adams' opinions—i.e., the ability to sit for only two hours in an eight-hour day and the need to alternate sitting and standing. Plaintiff is entitled to summary judgment on this claim.[3]

V. **Remedy**

With error established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative

---

[3] The court does not reach the remaining claim.

proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler,* 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether plaintiff was disabled during the relevant period. On remand, the ALJ should articulate the consistency and supportability factors in evaluating medical opinions. The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

Accordingly, this matter should be remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

## VI. Order

For the foregoing reasons, plaintiff's motion for summary judgment (ECF No. 11) is GRANTED; defendant's cross-motion for summary judgment (ECF No. 15) is DENIED, the Clerk is directed to enter judgment in favor of plaintiff; and this matter is remanded for further administrative proceedings.

Dated: August 2, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE